Zu Hang LI, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, United States Attorney General,[1] Respondent.

No. 03–40400–AG.

United States Court of Appeals,
Second Circuit.

Dec. 13, 2005.

H. Raymond Fasano, New York, NY, for Petitioner.

Rick D. Young, Assistant United States Attorney for the Northern District of Illinois, Chicago, IL, for Respondent.

present: JACOBS, KATZMANN, and B.D. PARKER, Circuit Judges.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review be DENIED.

Petitioner Zu Hang Li ("Li"), a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") dated July 7, 2003 affirming the decision of the Immigration Judge ("IJ"). The IJ rejected the petitioner's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16.

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

1. Pursuant to Fed. R.App. P. 43(c)(2), Alberto Gonzales, the current Attorney General, is automatically substituted for John Ashcroft, who was originally named as the respondent in this case.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly).

To be eligible for asylum, an applicant must show that he or she has suffered past persecution or has a well-founded fear of future persecution based on race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). To be eligible for withholding of removal, a mandatory form of relief, an applicant must show that it is more likely than not that his or her life or freedom would be threatened based on one of the five categories for obtaining asylum. *See* 8 U.S.C. § 1231(b)(3); *Ramsameachire*, 357 F.3d at 178. To obtain CAT relief, the applicant must show that he or she would more likely than not be tortured in the country of removal. *See Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).

The IJ's decision was supported by substantial evidence. "[A]n imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the [INA]." *Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir.2005). Thus a petitioner may establish a well-founded fear of persecution on account of a political opinion imputed to him by his persecutors regardless of whether or not he actually holds that opinion. *Id.*

Li contends that he was beaten (and got a bloody nose) because he was assisting his aunt to evade an abortion, and that he will be persecuted because he punched a police officer unconscious in the ensuing fracas, and that these events reflect an imputed political opinion. Accepting Li's testimony as true (which the IJ did *arguendo*), it reflects only (i) that Li was bloodied when he interposed himself to frustrate the cadres who were seizing her, which would likely happen regardless of what thoughts the cadres did or did not impute to him, and (ii) that Li punched a government official, which would likewise entail a government response regardless of political opinion, imputed or actually held.

Li has not challenged in this Court, nor in the BIA, the IJ's denial of his application for CAT relief, he has waived any challenge to that portion of the BIA's order. *See, e.g. Davis v. New York*, 316 F.3d 93, 102 n. 5 (2d Cir.2002) (noting that an issue is waived if it is not discussed in the appellate brief).

The petition for review is therefore DENIED. The pending motion for a stay of removal is DENIED.